**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

JUAN CARLOS TORRENTE-LEYVA

Plaintiff,

v.

CAPITOL SECURITY POLICE, INC.

Defendant.

Civil No. 10-1340 (SEC)

**OPINION and ORDER**

Before the Court are Defendant Capitol Security Police, Inc.'s Motion to Dismiss (Docket # 10), and Plaintiff Juan Carlos Torrente-Leyva's opposition thereto (Docket # 14). Upon reviewing the filings, and the applicable law, Capitol Security's motion is **GRANTED**.

**Factual Background**

On April 23, 2010, Torrente-Leyva, a former security guard at Capitol Security, filed this suit *pro se* under the Family and Medical Leave Act ("FMLA"), claiming that Capitol Security unlawfully denied him sick leave to attend cancer treatment. Docket # 2. By his own admission, Torrente-Leyva has difficulties with the English language (Docket # 12, ¶ 1); therefore, most sections of his complaint are difficult to understand. Moreover, being a *pro se* litigant, Torres-Leyva's five-page complaint lacks the formalities and detailed factual discourse generally found in complaints drafted by lawyers. These circumstances, however, apparently had no bearing on Capitol Security's understanding of Torrente-Leyva's claims. In fact, Capitol Security moved timely to dismiss the case, stating, among other things, that "[f]rom the allegations of the complaint, there is no controversy that this case involves the alleged denial by Capitol of Plaintiff's right to enjoy the [FMLA's] twelve workweeks of unpaid leave...." Docket # 10, p. 9.

**Civil No. 10-1340 (SEC)** 2

Specifically, Capitol Security moves to dismiss under FED. R. CIV. P. 12(b)(6) with a two-pronged argument: (i) that Torrente-Leyva's claims are time-barred; and (ii) that Torrente-Leyva's complaint fails to allege the FMLA's notice and certification requirements. Id., at p. 9-11. Concerning the first argument, Capitol Security states that "[s]ince Plaintiff alleges that Capitol denied him the right to enjoy twelve workweeks of unpaid leave on March 25, 2008, and the instant suit was filed on April 23, 2010, Plaintiff's FMLA claim is time-barred under the two year limitation period...." Id., at p. 10. As to Capitol Security's second argument, it claims that "[t]he complaint filed in this case is devoid of an allegation that Plaintiff provided a notice (either verbally or written) to Capitol of his need for the leave to take time off for a serious health condition." Id., at p. 11.

Assisted by a certified translator, Torrente-Leyva opposed dismissal. Docket #. 14. Similar to his complaint, Torrente-Leyva's opposition is unorthodox and devoid of legal citations and other customary legal formalities. More significant, however, his opposition relies on factual allegations omitted from his complaint. For example, Torrente-Leyva's opposition sets forth the following allegations for the first time:

> [o]n February 4, 2008, I initiated the steps to request vacation leave for medical treatment. On March 4, '08, I went on vacation; on March 24, '08, I returned from vacation; on March 25, '08 I notified my immediate supervisor of my return to work at 2:00 p.m., thus complying with the schedule at the time that I went on vacation. He informed me not to start work at the post, that it was closed (this information was not true), and therefore I would be relocated at another post. Thus far, December 2010, I have been without work (in spite of the efforts made).

Docket # 14, p. 1.

****

> Capitol was notified verbally 30 days prior; 20 days using the official form for Request for Leave; 14 days prior through an explanatory letter reporting the need for the leave; as well as the difficulties encountered in the leave procedure (paid vacation).

Id., at p. 2.

**Civil No. 10-1340 (SEC)**                                                                                       **3**

With these statements, Torrente-Leyva appears to attempt a rebuttal for Capitol Security's argument about the alleged lack of proper FMLA notification. Nevertheless, Torrente-Leyva's opposition fails to explicitly make this point. The same holds true as to Capitol Security's statute of limitation argument. On this, Torrente-Leyva's opposition avers that such period began to run on June 13, 2008, when Capitol Security informed him in writing that "[f]rom your personnel file there is no information, nor evidence that you have a health condition that would limit the condition of employment. You are not covered by the parameters of the FMLA [sic] according to our analysis and interpretation." Docket # 14, p. 5. Thus, although not explicitly stated, Torrente-Leyva appears to argue that his complaint was filed well within the FMLA's two-year period of limitation.

**Standard of Review**

Under Rule 12(b)(6), a defendant may move to dismiss an action against him for failure to state a claim upon which relief can be granted. First Med. Health Plan, Inc. v. CaremarkPCS Caribbean, Inc., 681 F. Supp. 2d 111, 113-114 (D.P.R. 2010). When deciding a motion to dismiss under this rule, the court will construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff. Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 34 (1st Cir. 2002); Correa Martinez v. Arrillaga-Belendez, 903 F.2d 49, 51 (1st Cir. 1990). The court must then decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." Id. at 114 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). In so doing, the court accepts as true all well pleaded facts and draws all reasonable inferences in the plaintiff's favor. Id. (citing Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. (citing Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).

**Civil No. 10-1340 (SEC)** 4

The First Circuit has noted that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "[W]here the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not 'show[n]'-'that the pleader is entitled to relief.'" Id. (citing Iqbal, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)). In sum, when passing on a motion to dismiss the court must follow two principles: (1) legal conclusions masquerading as factual allegations are not entitled to the presumption of truth; and (2) plausibility analysis is a context specific task that requires courts to use their judicial experience and common sense. Id. (citing Iqbal, 129 S. Ct. at 1950). In applying these principles, courts may first separate out merely conclusory pleadings, and then focus upon the remaining well pleaded factual allegations to determine if they plausibly give rise to an entitlement to relief. Id. (citing Iqbal, 129 S. Ct. at 1950).

The First Circuit has held that "dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F. 3d 301, 305 (1st Cir. 2008). Courts "may augment the facts in the complaint by reference to documents annexed to the complaint or fairly incorporated into it, and matters susceptible to judicial notice." Id. at 305-306. However, in judging the sufficiency of a complaint, courts must "differentiate between well pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." LaChapelle v. Berkshire Life Ins., 142 F.3d 507, 508 (citing Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996)); Buck v. American Airlines, Inc., 476 F. 3d 29, 33 (1st Cir. 2007); see also Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). Thus Plaintiffs must rely in more than unsupported conclusions or interpretations of law, as these will be rejected. Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)).

**Civil No. 10-1340 (SEC)**                                                                 **5**

Therefore, "even under the liberal pleading standards of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortíz v. Margo Caribe, Inc., 490 F.3d 92 (1st Cir. 2007) (citing Twombly, 127 S. Ct. at 1965). Although complaints do not need detailed factual allegations, the "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Twombly, 127 S. Ct. At 1965; see also Ashcroft, 129 S. Ct. at 1949. A plaintiff's obligation to "provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. At 1965. That is, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true." Parker, 514 F. 3d at 95.

**Applicable Law and Analysis**

As stated above, Torrente-Leyva's complaint is premised on the FMLA, which seeks to "balance the demands of the workplace with the needs of families," by allowing employees to take leave for medical reasons. 29 U.S.C. § 2601. The statute "contains two distinct types of provisions: those establishing substantive rights and those providing protection for the exercise of those rights." Colburn v. Parker, 429 F.3d 325, 331 (1st Cir. 2005); Hodgens v. General Dynamics Corp., 144 F.3d 151, 159 (1st Cir. 1998). As to the substantive rights, the Act provides eligible employees up to twelve workweeks of unpaid leave in any twelve-month period for several reasons, including a serious health condition that makes the employee unable to perform the functions of his or her position. See 29 U.S.C. § 2612; Nevada Dept. of Human Resources v. Hibbs, 538 U.S. 721, 724 (2003); Ragsdale v. Wolverine World Wide, 535 U.S. 81, 87 (2002). The twelve weeks may be taken intermittently when medically needed, such as to attend medical appointments for the treatment of a serious health condition. Hibbs, 538 U.S. at 724; Ragsdale, 535 U.S. at 86; Colburn, 429 F.3d at 330; Hodgens, 144 F.3d at 159.

**Civil No. 10-1340 (SEC)**                                                                 **6**

Generally, upon the employee's return from a qualified leave, "the employer must reinstate the employee to the same position, or an alternate position, with the same pay, benefits, and working conditions, and without loss of accrued seniority." Colburn, 429 F.3d at 330; Hodgens, 144 F.3d 159.

The FMLA also provides protection for an employee who suffers discrimination for exercising the rights therein conferred. Hodgens, 144 F.3d at 159. Accordingly, Section 2615 states that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]...." 29 U.S.C. § 2615. As a result, the employer may be subject to equitable relief, and compensatory damages, including loss wages, salary, and benefits. Id.; see also Colburn, 429 F.3d at 331; Hibbs, 538 U.S. at 724; Ragsdale, 535 U.S. at 87.

The aforementioned protections are triggered upon satisfaction of the following requirements:

> First, the worker must establish that she fit the definition of an eligible employee. Second, the worker must establish that she worked for an employer covered by the Act. Third, the worker has to show that she qualified for FMLA benefits for one of four statutory reasons. Fourth, the worker has to prove that she gave her employer appropriate notice. Finally, the worker has to establish that the employer denied her benefits to which the FMLA entitled her.

Wheeler v. Pioneer Developmental Servs. Inc., 349 F.Supp. 2d 158, 164 (D. Mass. 2004). An employee becomes eligible under the FMLA if (i) he has been employed with the employer for at least 12 months; and (ii) he has worked at least 1,250 hours for the employer during the previous 12-month period. 29 U.S.C. § 2611(2)(A). As to the employer, it is covered by the FMLA if "engage[d] in commerce, or any industry or activity affecting commerce, and employs fifty or more employees for each working day during each of twenty or more calendar work

**Civil No. 10-1340 (SEC)**                                                                                              7

weeks in the current or previous calendar year." Wheeler, 349 F.Supp 2d 164, citing 29 U.S.C. 2611(4).

Moreover, to qualify for FMLA benefits, an employee must prove that due to a "serious health condition" he is unable to perform the functions of his job. 29 U.S.C. § 2612(a)(1)(D). As defined by the statute, a "'serious health condition' involves impatient care in a hospital, hospice, or residential medical care facility; or continuing treatment by a health care provider." 29 U.S.C. § 2611. Cancer is generally recognized as a serious health condition for purposes of the FMLA. See, e.g., Ragsdale, 535 U.S. 81.

Regarding the FMLA's notice to employer requirement, when the need for leave is foreseeable, the employee must provide the employer with a thirty-day advance notice. 29 U.S.C. § 2612(e)(2)(B). Otherwise, the employee must provide the employer with notice "as soon as practicable under the facts and circumstances of the particular case." 29 C.F.R. 825.303(a). The notice requirement is relatively lax—simply stating that leave is needed for a medical reason may suffice. 29 C.F.R. 825.303(b). Thereafter, if "the circumstances suggest that the employee's request may involve FMLA leave, it becomes the employer's obligation to inquire further in order to determine if the requested leave qualifies for FMLA protection." Id. "[O]nce notice is given, the statute's certification provision affords the employer an opportunity to ask for medical verification of any relevant health condition and to seek a second and third medical opinion in support of the leave request." Call v. Fresenius Med. Care Holding, Inc., 534 F. Supp. 2d 184, 191 (1st Cir. 2008).

Finally, an employee seeking redress under the FMLA must prove that the employer denied him applicable FMLA benefits. 29 U.S.C. § 2612(a)(1). Generally, the employee may bring his FMLA action no "later than 2 years after the date of the last event constituting the alleged violation...." 29 U.S.C. § 2617(c)(1). Nevertheless, an action brought for a willful

**Civil No. 10-1340 (SEC)** 8

violation of Section 2615 of the Act—that is, when an employer interferes with, or denies, an employee the rights conferred by the FMLA, or discharges the employee as retaliation for participation in a protected activity—shall be commenced "within 3 years of the date of the last event constituting the alleged violation for which such action is brought." 29 U.S.C. § 2617(c)(2). In order to "establish a willful violation of the FMLA, a plaintiff must show that 'the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute.'" Hillstrom v. Best Western TLC Hotel, 354 F.3d 27, 33 (1st Cir. 2003). Thus, this standard entails more than mere negligence.

In this case, under the most generous interpretation possible, the relevant factual averments in Torrente-Leyva's complaint are limited to the following textual citations:

> My condition clinic, seen as "catastrophic" (cancer patient with metasis, thrombociytopenia, and other ailments). This clinical state is considered as within the FMLA "Chronic Conditions Requiring Treatment". This situation, given me the necessity to enjoy this law (FMLA).

Docket # 2, p. 2.

****

> My application is underpinned by damages and detriments caused by no authorization for the enjoyment of the law FMLA, being the following:
>
> - No right to take leave without pay for the equivalent of work up to 12 weeks...
>
> - The Law claim the incorporation of the worker in his post after the return of his vacation (not in my case), situation created from 25 march /08, to date.

Id.

****

> The process of not return to into work from my holiday; or after, refused me the right to enjoy the FMLA, and to have incurred the damage to my person, and my family.

Id., at p. 3.

**Civil No. 10-1340 (SEC)**                                                                                                          9

In other words, Torrente-Leyva's complaint alleges (i) that he is a cancer patient; (ii) that he was denied leave without pay; (iii) that he took a vacation from work; and (iv) that upon his return he was not allowed back to his post. Without more, these statements fall far short of the minimum pleading requirements necessary to withstand dismissal. See Gagliardi, 513 F.3d 305 ("dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some legal theory."). First, Torrente-Leyva's complaint sets forth no allegations about whether he was an eligible employee for FMLA purposes when the grievances complained of allegedly happened. The same holds true about Capitol Security's FMLA coverage. Second, although Torrente-Leyva's complaint alleges that he is a cancer patient, a condition covered by the FMLA, it fails to allege that Torrente-Leyva was a cancer patient when Capitol Security allegedly denied him leave. Third, Torrente-Leyva's complaint contains no allegations about whether he complied with the FMLA notice to employer requirements. In sum, Torrente-Leyva's complaint is devoid of the type of factual averments necessary to claim that Capitol Security improperly denied him FMLA leave.

Moreover, as Capitol Security correctly points out, Torrente-Leyva's complaint fails to allege that Capitol Security willfully violated Section 2615 of the FMLA. Under this scenario, the applicable statute of limitation is two years after the date of the last event constituting the alleged FMLA violation. 29 U.S.C. § 2617(c)(1). Torrente-Leyva's complaint alleges that Capitol Security denied him leave on March 25, 2008, and the instant suit was filed on April 23, 2010. Therefore, as drafted, Torrente-Leyva's complaint is time-barred. Accordingly, Capitol Security's motion to dismiss is **GRANTED** and Torrente-Leyva's complaint is hereby **DISMISSED** with **PREJUDICE**.

The Court, however, is concerned with certain allegations contained in Torrente-Leyva's motion opposing dismissal. There, as stated above, Torrente-Leyva alleges (i) that he requested

**Civil No. 10-1340 (SEC)**                                                                 10

paid vacation for medical reasons, thus informing Capitol Security about his medical condition; (ii) that Capitol Security granted such vacation; and (iii) that upon his return from vacation Capitol Security refused to reinstate him to his job. Docket # 14. At a first glance, these allegations appear to fit well under the FMLA's statutory framework, especially given the statute's lax notice requirements and the duties it imposes on employers once notice is received. Of course, these allegations are outside the four corners of Torrente-Leyva's complaint. Thus, for the Court to consider them, Torrente-Leyva would need leave to amend his complaint, which, upon entry of judgment dismissing his claims, requires a motion under "some rule geared to the accomplishment of that task, say Rule 59(e) or Rule 60(b)." Fisher v. Kadant, Inc., 589 F.3d 505, 509-11(1st Cir. 2009); see also Rodriguez-Diaz v. Marrero-Recio, 2010 WL 5375952 (D.P.R., Dec. 28, 2010). The Court strongly advises Torrente-Leyva to consult with an attorney to determine whether the filing of such a motion is proper in this case.[1]

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 18th day of January, 2011.


                                              s/ *Salvador E. Casellas*
                                              Salvador E. Casellas
                                              U.S. Senior District Judge

---

[1] In this circuit courts are generally "solicitous of the obstacles that pro se litigants face... [and] hold pro se pleadings to less demanding standards than those drafted by lawyers...." Dutil v. Murphy, 550 F.3d 154, 158-59 (1st Cir. 2008). Moreover, within reasonable limits, federal courts are called upon "to guard against the loss of pro se claims due to technical defects." Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000).